ROBERT J. KAISER et al., Respondents, *v.* STATE OF NEW YORK, Appellant.   (Claim No. 45918, Motion Nos. M-10429, M-10508.)

Third Department, November 4, 1968.

*Louis J. Lefkowitz, Attorney-General (Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for appellant.

*Brown, Wood, Fuller, Caldwell & Ivey (Richard Conway Casey* of counsel), for respondents.

REYNOLDS, J.   This is an appeal from a resettled order of the Court of Claims granting claimants' motion for summary judg-

ment on the issue of liability and denying the State's motion to dismiss the claim, and from the judgment entered thereon.

The claim arises from injuries allegedly suffered by Mary Elizabeth Kaiser, when a bobsled on a run maintained by the State experienced a severe jolt as it proceeded down the run. The State, while not urging here that summary judgment is not available in the Court of Claims (see *Chemical Bank N. Y. Trust Co.* v. *State of New York,* 27 A D 2d 427, 428; *Vern Norton, Inc.* v. *State of New York,* 27 A D 2d 13), contends that there exist issues of fact with respect to the occurrence of the accident, the negligence of the State, and the causation of the alleged accident which precludes the granting of summary judgment and that, additionally, claimants assumed the risks and waived any claim for damages for injuries received in the use of the bobsled run and that, therefore, it should have been granted summary judgment.

The Court of Claims in its decision, based on the affidavits and transcripts of pretrial examination submitted to it, concluded that the State's position, that no accident in fact occurred, was "illusory and not a fact of substance" (55 Misc 2d 576, 578); that a gash or cut existed in the ice wall of the finish curve of the run which made the bobsled run unsafe to operate; that "the State had actual notice of this unsafe condition in sufficient time to suspend operations" (p. 582) before the claimants proceeded down the run; that the injuries allegedly sustained were sustained as the result of a severe jolt which occurred at the point of the gash or cut; that the State's negligence in the maintenance and operation of the bobsled run was the proximate cause of the accident; and that the claimant passengers were not contributorily negligent. Of course, summary judgment should be granted only where no genuine factual disputes exist. We do not find such to be the case here. An issue of fact clearly exists as to whether the presence of the cut or gash in the ice constituted negligence on the part of the State. There exists absolutely no expert opinion or description in the record of the proper maintenance or condition of a bobsled run and the depositions of the driver, brakeman and manager of the bobsled run submitted by the claimants, obviously, do not warrant the granting of summary judgment. Additionally, we believe the State should not be precluded from a trial as to whether the accident in fact occurred, and, if so, whether the injuries complained of resulted therefrom. While the claimants and their witnesses clearly state such to be the case, the State's employees testified that to their knowledge no such accident occurred. Moreover,

while the allegedly injured claimant did apparently proceed directly to the hospital, where the difficulty was indicated as resulting from a bobsled accident, no report of any such accident was made to the available State employees at the site. Under the circumstances present here, as outlined above, and where knowledge of what occurred is at least in part exclusively with the claimants and their witnesses, this case is one where a trial should be held as to all issues.

Further, we cannot, on the record in its present posture, agree with the State's contention that claimants, as a matter of law, assumed the risk or waived any claim for damages as the result of the waivers they signed. The question of assumption of risk and the efficiency of the waivers in question must also await the result of a plenary trial.

The order should be modified, on the law and the facts, so as to deny claimants' motion for summary judgment, and, as so modified, affirmed; and the judgment should be reversed and vacated accordingly.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order modified, on the law and the facts, so as to deny claimants' motion for summary judgment, and, as so modified, affirmed; and judgment reversed and vacated accordingly, without costs.